IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-661-FL

| | | |
|---|---|---|
| ROXANNA M. AANENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 15, 20). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R as its own, denies plaintiff's motion, grants defendant's motion, and affirms defendant's final decision.

**BACKGROUND**

On April 25, 2014, plaintiff protectively filed applications for a period of disability, disability insurance benefits, and supplemental security income and subsequently filed a claim for disabled widow's benefits on November 7, 2014, which subsequent filing was consolidated with the initial claims. In both applications, plaintiff alleges disability beginning March 16, 2014. The claims were denied initially and upon reconsideration. Plaintiff requested hearing before an administrative law judge ("ALJ"), who, after hearing held November 16, 2015, denied plaintiff's claims by decision

entered December 11, 2015. Following the ALJ's denial of her applications, plaintiff timely filed a request for review before the Appeals Council. The Appeals Council denied plaintiff's request, leaving the ALJ's decision as defendant's final decision. Plaintiff then filed this action seeking judicial review.

**DISCUSSION**

A.      Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build

2

an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

3

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since March 16, 2014. At step two, the ALJ found that plaintiff had the following severe impairments: depression; bipolar disorder; anxiety disorder/panic attacks; posttraumatic stress disorder; degenerative disc disease; headaches; hypertension; and obesity. At step three, the ALJ determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work with the following restrictions: must be allowed to stand for one to three minutes after sitting for one hour and sit for five minutes after standing and/or walking for 30 minutes; can frequently push/pull and operate foot controls with the right lower extremity; frequently push/pull and operate hand controls with both upper extremities; frequently climb ramps or stairs; occasionally climb ladders, ropes, or scaffolds; frequently balance; occasionally stoop, kneel, crouch, or crawl; frequently handle objects and finger bilaterally; can have no exposure to unprotected heights, hazardous machinery or moving mechanical parts; limited to simple, routine, and repetitive tasks but not at a production rate pace; simple work-related decisions; few, if any, changes in the routine work setting; and occasional interaction with the public, co-workers, and supervisors; would be off task no more than 10% of the time in an eight-hour workday,

4

in addition to normal breaks (with normal breaks defined as a 15 minute morning and afternoon break and a 30 minute lunch break).

At step four, the ALJ concluded plaintiff was unable to perform her past relevant work as a server and order filler. At step five, the ALJ determined that jobs exist in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.  Analysis

Plaintiff argues the ALJ erred in determining that plaintiff was able to perform light work with restrictions noted in the RFC determination and failed to accord appropriate weight to the opinion evidence in the record.

In her objections, plaintiff identifies no particular error in the M&R, but rather, restates without substantive alteration, arguments made in motion for judgment on the pleadings. (DE 17; DE 23). Upon careful review of the record, the court finds that the magistrate judge already has addressed the arguments set forth in plaintiff's objections, and plaintiff raises no new issues for the court to review de novo. See Orpiano, 687 F.2d at 47. Nonetheless, having reviewed the entire record de novo, the court agrees with the findings and analysis set forth in the M&R, adopts the M&R in full, but writes separately to amplify the M&R's analysis in certain areas. See 28 U.S.C. § 636(b)(1).

The magistrate judge thoroughly addressed plaintiff's first objection at pages 6–10 of the M&R, where he discusses the ALJ's determination that plaintiff's testimony pertaining to allegations of pain and psychiatric symptoms was not fully credible. "Subject only to the substantial evidence requirement, it is the province of the [ALJ], and not the courts, to make credibility

5

determinations and to resolve ambiguities in the evidence." Mickles v. Shalala, 29 F.3d 918, 929 (4th Cir. 1994). The magistrate judge recommends affirming defendant, where the ALJ found plaintiff's allegations of pain and psychiatric symptoms not fully credible based upon: 1) statements by plaintiff appearing in the record that her pain, headaches, and symptoms of elevated blood pressure were adequately relieved by medications; 2) observation that the medical evidence disclosed plaintiff's normal strength, tone, coordination, gait, station, and that no brace, cane, or surgery was recommended; and 3) statements by plaintiff appearing in the record that her anxiety, mood, and concentration problems were well controlled by medication and therapy. (Tr. 19–24). Because the foregoing observations constitute substantial evidence in support of the ALJ's assessment of plaintiff's allegations of pain and psychiatric limitations, there exists no basis to disturb the ALJ's decision in this instance. See Mickles, 29 F.3d at 929.

Moreover, the magistrate judge determined that the ALJ properly discounted plaintiff's complaints of pain and psychiatric problems as expressed to Dr. Lori J. Downing ("Downing") during examination, on the ground that, in the same month she saw Downing, plaintiff reported less severe symptoms to her therapist. (Tr. 344–47, 563). The court writes separately to note that plaintiff's consultation with Downing took place October 15, 2014, not October 15, 2015, as the M&R states. (Tr. 344). This additional distance in time between Downing's assessment and the date of hearing bolsters the magistrate judge's determination as to the ALJ's credibility analysis. In particular, it reduces any suggestion that symptoms reported to Downing post-date plaintiff's reports to other providers of alleviated symptoms due to effective medication. It reduces also any suggestion of deterioration in plaintiff's condition shortly prior to hearing.

6

The magistrate judge thoroughly addressed plaintiff's second objection at pages 10–17 of the M&R, where he discussed the ALJ's weighing of the medical opinion evidence from Erin Eves ("Eves"), plaintiff's treating nurse practitioner, and Dr. William G. Clark ("Clark"), a consultative examiner. See Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (explaining "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence"). The magistrate judge correctly determined that the ALJ properly gave only partial weight to the opinions of Eves because, as a nurse practitioner, Eves is not a "medically acceptable source," see 20 C.F.R. §§ 404.1513(a), 416.913(a), and because her assessment that plaintiff suffered marked psychiatric limitations was undermined by other medical evidence indicating that plaintiff's psychiatric symptoms were well-controlled by medications and therapy. (See, e.g., Tr. 527). The magistrate judge also correctly determined that the ALJ properly gave little weight to the opinion of Clark on the ground that his opinion merely recounted plaintiff's complaints. (See Tr. 338–41).

In addition, the court writes separately to emphasize that where the language of Clark's assessment twice introduces discussion of plaintiff's symptoms with the qualifier "she states," without clarifying whether any portion of the assessment constitutes Clark's own medical judgment, (Tr. 341), the ALJ's conclusion that Clark's opinion "appears too reliant on the claimant's subjective complaints rather than objective findings" is supported by substantial evidence and adequately explained. See Radford 734 F.3d at 295; Monroe, 826 F.3d at 189.

## CONCLUSION

Based on the foregoing, and upon de novo review of the administrative record, the court ADOPTS the findings, analysis, and recommendation in the M&R. Plaintiff's motion for judgment

7

on the pleadings (DE 15) is DENIED, and defendant's motion for judgment on the pleadings (DE 20) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED this the 26th day of September, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge